IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DARRELL HATFIELD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIV- |
| ) | |
| UNITEDHEALTH GROUP, a foreign corporation ) | |
| and ) | |
| PACIFICARE OF OKLAHOMA ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

**COMES NOW,** the Plaintiff herein by and through his attorney of record James Patrick Hunt and files this original complaint, stating claims for relief as follows.

### I.   JURISDICTION AND VENUE

1. Plaintiff Darrell Hatfield was at all times hereto a citizen of the state of Oklahoma and a resident of Oklahoma City, Oklahoma County, Oklahoma.  Plaintiff is a retired Oklahoma City police officer and is the primary beneficiary under health insurance policy # 010933 provided through Defendant Pacificare of Oklahoma.

2. Defendant United Health Group is a foreign corporation headquartered in the State of Minnesota and incorporated in the State of Delaware.

3. Defendant Pacificare is a subsidiary of United Health Group.  Pacificare was at all times pertinent hereto incorporated in and was a citizen of the state of Oklahoma and was licensed and engaged in the insurance business in the state of Oklahoma.

## II. STATEMENT OF FACTS

4.     On or about November 21, 2008, Plaintiff Darrell Hatfield was injured in an automobile collision. At the time of the collision, Plaintiff had an auto insurance policy with American National Property and Casualty Company (hereinafter "ANPAC.")  Plaintiff's policy with ANPAC contained uninsured motorists coverage with a limit of $100,000.00.  The tortfeasor who injured Plaintiff was insured by State Farm Insurance Companies.  The bodily injury limits of the State Farm policy was $50,000.00.  State Farm offered Plaintiff the $50,000.00 policy limit in the fall of 2009.

5.     Plaintiff sustained serious injuries in the collision of November 21, 2008 requiring three separate surgeries on his shoulder.

6.     Through his attorney, Plaintiff submitted a claim to ANPAC for uninsured motorists (UM) policy limits which, as stated earlier, are $100,000.00.  ANPAC paid $50,000.00 of the UM policy on or about January 11, 2011.

7.     ANPAC later offered the remainder of the $100,000.00 UM benefit – that is, the remaining $50,000.00 – to Plaintiff on or about October 6, 2011.

8.     On or about that date, ANPAC advised Plaintiff's counsel that Ingenix Subrogation Services was asserting a lien on the $50,000.00 sum on behalf of Pacificare of Oklahoma. Ingenix is a subsidiary of the Defendant United Health Group.  The asserted lien was for the sum of $34,656.32.

9.     On September 29, 2011, Plaintiff's counsel sent a letter to Ingenix regarding the asserted lien.  In that letter, Plaintiff's counsel wrote, "Have received your letter of September 21st. [2011]  Please send a copy of the contractual language preserving the subrogation rights asserted."

10. Thereafter, Ingenix sent Plaintiff's counsel a copy of Pacificare's insurance contract.

11. Plaintiff's counsel reviewed the insurance contract and in particular the provisions of the contract that addressed subrogation and reimbursement rights. Plaintiff's counsel sent a letter to Ingenix on or about November 3, 2011. The letter noted the following:

    A. Pacificare's provisions regarding reimbursement were not legally enforceable because they did not contain "an adequate statement to override the protection afforded an injured insured by the Oklahoma make-whole rule."

    B. That for such a provision to be lawfully adequate and enforceable, it must contain "an unmistakable declaration that insurer's right to be reimbursed had priority over insured's right to be made whole."

    C. That Pacificare's reimbursement provisions contained no such "unmistakable declaration."

    D. That Plaintiff had not been made whole by his recovery of UM benefits.

    E. That the positions asserted by Plaintiff's counsel were supported by applicable Oklahoma law, specifically *Equity Fire and Casualty Co. v. Youngblood*, 1996 OK 123, 927 P.2d 572, *Manokoune v. State Farm Mutual Automobile Insurance Co.*, 2006 OK 74, 145 P.3d 1081, and *Reeds v. Walker*, 2006 OK 43, 157 P.3d 100.

12. Plaintiff's counsel closed the letter by writing, "In light of the applicable case law and the language of Pacificare's reimbursement provisions, I respectfully request that you notify American National Property and Casualty Company (or their representative attorney Scott Hall) in writing that you no longer wish to assert a subrogation and/or reimbursement interest on the $50,000.00 balance of the uninsured/underinsured proceeds due to Darrell Hatfield."

13.     Thereafter, on or about November 28, 2011, Ingenix sent a letter to Plaintiff's counsel offering to "accept $16,666.66 in settlement of its claim."

14.     On or about January 11, 2012, Plaintiff's counsel responded to Ingenix. In that letter, Plaintiff's counsel wrote, in part, "I did not send the letter of November 3 for the purpose of reducing or negotiating a lesser sum of payment. I sent the letter and expressly requested that you notify American National Property and Casualty (ANPAC) insurance company of your intention to release your reimbursement/subrogation claim. To date, you have not done so."

15.     In that same letter, Plaintiff's counsel also wrote, "I provided you cites to case law that clearly demonstrate Pacificare does not have a lawful right to any reimbursement. If you have some Oklahoma case law that contradicts what I have cited, I will be glad to look at it and reconsider my request."

16.     Ingenix never responded to the invitation to show contrary applicable case law.

17.     On or about February 8, 2012, Ingenix sent a letter to Plaintiff's counsel offering to accept the sum $11,666.66 "in settlement of its claim."

18.     On or about February 14, 2012, Plaintiff's counsel sent a letter to Ingenix again stating that Pacificare had no right to assert a lien for *any* amount. Plaintiff's counsel's letter stated, in part, "If you have some Oklahoma case law that contradicts what I have cited, I will be glad to look at it and reconsider my request. If you do not have such case law to support the assertion of such a lien, then Pacificare is asserting a lien in bad faith."

19.     At the request of Plaintiff's counsel, ANPAC issued a check for the sum of $16,666.66 on or about January 16, 2012 issued to Darrell Hatfield, Plaintiff's counsel, and Ingenix Subrogation Services. Plaintiff's counsel has possession of the check and has not attempted to negotiate it.

20.     Defendants have failed to deal fairly and in good faith with its insured, Plaintiff Darrell Hatfield.

## **PRAYER FOR RELIEF**

Plaintiff has suffered financial losses, humiliation, embarrassment, emotional pain, mental anguish, injury to his good name, and personal and professional reputation as a result of the Defendant's illegal conduct. Plaintiff prays for relief requiring Defendants to compensate him for the damages he has suffered as a result of Defendants' illegal and tortuous conduct. Plaintiff prays for actual, compensatory, and punitive damages in excess of $100,000.00 against the Defendants.

WHEREFORE, Plaintiff Darrell Hatfield prays for judgment on the foregoing claims and for all sums due with pre and post judgment interest, all costs and attorney fees associated with this matter, to and including actual, compensatory and punitive damages against Defendants.

Respectfully submitted,

_____s/ James P. Hunt_____
James Patrick Hunt, OBA # 15559
406 S. Boulder, Ste. 400
Tulsa, OK 74103
Telephone: (918) 497-9159
Fax: (918) 582-6106
jamesphunt@earthlink.net

**JURY TRIAL DEMANDED**
**ATTORNEY'S LIEN CLAIMED**